UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

FORD MOTOR CREDIT COMPANY LLC,

     Plaintiff,         **COMPLAINT**

   v.           Civil Action No.:

HAROLD H. MALONEY III, REBECCA S.
MALONEY, and HAROLD H. MALONEY IV,

     Defendants.

_____

    Plaintiff Ford Motor Credit Company LLC ("Ford Credit"), by and through

its counsel, McLane Middleton, for its complaint against defendants Harold H. Maloney III

("Harold Maloney III"), Rebecca S. Maloney ("Rebecca Maloney"), and Harold H.

Maloney IV ("Harold Maloney IV") (together, "Defendants" or the "Maloneys"), alleges as

follows:

## NATURE OF THE ACTION

    1.  Ford Credit brings this action to enforce its rights under personal

guaranties entered into by Defendants, wherein they guarantied certain indebtedness owed

to Ford Credit by M & M Ford, Inc. ("M & M" or "Dealer"), and to recover damages

against Defendants based upon their breaches of the guaranties.

    2.  M & M was a New Hampshire corporation, with its principal place of

business at 1151 Suncook Valley Highway, Route 28 North, Epsom, NH, 03234.

    3.  M & M was engaged in the business of selling new and used motor

vehicles to the general public, but is no longer in business and no longer in good standing in

New Hampshire.

4.      After M & M's assets were sold, and the proceeds applied to the outstanding indebtedness that it owed to Ford Credit, a substantial deficiency remained.

5.      Defendants have refused to pay that deficiency, as required by their guaranties, in spite of Ford Credit's demand that they do so.

6.      Ford Credit, therefore, seeks damages resulting from Defendants' breaches of their guaranties, together with an award of interest, costs, expenses, and attorney's fees (as provided for by statute, in their guaranties, and in the underlying agreements between M & M and Ford Credit).

## PARTIES

7.      Plaintiff Ford Credit is a Delaware limited liability company, with its principal place of business at One American Road, Dearborn, Michigan 48126.  On or about April 20, 2007, Ford Motor Credit Company converted from a Delaware corporation to a Delaware limited liability company pursuant to sections 228 and 226 of the Delaware General Corporation Law.  This conversion was effective on May 1, 2007, and pursuant to the relevant statutes, Ford Motor Credit Company LLC is deemed the same entity as Ford Motor Credit Company by operation of law.

8.      Defendant Harold Maloney III is currently a citizen of Massachusetts, residing at 5 Chrysler Road, Apartment 203, Natick, Massachusetts 01760-1670.

9.      Defendant Rebecca Maloney is currently a citizen of Massachusetts, also residing at 5 Chrysler Road, Apartment 203, Natick, Massachusetts 01760-1670.

10.     Defendant Harold Maloney IV is currently a citizen of New Hampshire, residing at 336 Intervale Road, Apartment G4, Gilford, NH 03249-7943.

11.     Ford Credit's only member is Ford Holdings LLC, which is a Delaware limited liability company with its principal place of business at One American Road, Dearborn Michigan.

12.     Ford Holdings LLC's only member is Ford Motor Company, which is a Delaware corporation with its principal place of business at One American Road, Dearborn, Michigan.

13.     Accordingly, for jurisdictional purposes, Ford Credit is a citizen of Delaware and Michigan.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

15.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims in this action occurred in the District.

## THE AGREEMENTS BETWEEN M & M AND FORD CREDIT

16.     On or about February 25, 1976, M & M executed and delivered to Ford Credit an Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement ("Wholesale Agreement").  A copy of the Wholesale Agreement is attached as Exhibit A, and incorporated by reference.

17.     Under the terms of the Wholesale Agreement, Ford Credit provided financing to M & M to purchase new vehicles as they were ordered from the manufacturer and used vehicles (the "Vehicles").

18.     These amounts Ford Credit provided to M & M from time to time were defined under the Wholesale Agreement as "Advances."  *Id.* ¶ 1.

19.     The Wholesale Agreement required M & M to pay to Ford Credit the balance of any Advances, with respect to any financed Vehicles, at or before the date on which each Vehicle was sold, and to pay interest and flat charges on a monthly basis. *Id.* ¶ 3.

20.     Further, the Wholesale Agreement required that "[a]ny and all proceeds of any sale, lease or other disposition of the Merchandise by Dealer shall be received and held by Dealer in trust for Ford Credit and shall be fully, faithfully and promptly accounted for and remitted by Dealer to Ford Credit to the extent of Dealer's obligation to Ford Credit with respect to the Merchandise."  *Id.* ¶ 5.

21.     In the event that M & M failed to make a required payment when due, the Wholesale Agreement provided that interest would accrue upon the unpaid amount "at a rate of 15% per annum or the maximum contract rate permitted by the law of the state where Dealer maintains his business, . . . whichever is the lesser."  *Id.* ¶ 2.

22.     In the Wholesale Agreement, and in consideration of Ford Credit's agreement to finance M & M's acquisition of the Vehicles, M & M also granted Ford Credit a security interest in, among other things, the Vehicles, the proceeds from the sale of such Vehicles, and any rebates or refunds owed to M & M (collectively, the "Collateral").  *Id.* ¶ 4.

23.     The Wholesale Agreement defined default as, among other things, M & M's failure "to promptly pay any amount now or hereafter owing to Ford Credit as and when same shall become due and payable."  *Id.* ¶ 9.

24.     Upon default, Ford Credit was entitled to accelerate any or all of any unpaid balance and take immediate possession of all property in which it had a security interest.  *Id.*

## THE GUARANTIES

25.     On or about February 25, 1976, and in order to induce Ford Credit to extend financing to M & M, Defendants Harold Maloney III and Rebecca Maloney executed, and delivered to Ford Credit, a Continuing Guaranty ("Maloney Guaranty I").  A copy of the Maloney Guaranty I is attached as Exhibit B and incorporated by reference.

26.     On or about March 6, 2012, in order to induce Ford Credit to extend additional financing to M & M, Defendant Harold Maloney IV executed, and delivered to Ford Credit, a Continuing Guaranty ("Maloney Guaranty II" and, together with the Maloney Guaranty I, the "Maloney Guaranties").  A copy of the Maloney Guaranty II is attached as Exhibit C and incorporated by reference.

27.     Under the Maloney Guaranties, Harold Maloney III, Rebecca Maloney, and Harold Maloney IV guaranteed that M & M would "fully, promptly, and faithfully perform, pay and discharge all Dealer's present and future obligations" to Ford Credit and agreed, without Ford Credit first having to proceed against Dealer, "to pay on demand all sums due and to become due" to Ford Credit from Dealer and "all losses, costs, attorney's fees or expenses" which Ford Credit "may suffer by reason of Dealer's default. . . ." *Id.*

28.     Harold Maloney III, Rebecca Maloney, and Harold Maloney IV also agreed "to be bound by and on demand to pay any deficiency established by a sale of paper

or security held with or without notice," "together with a reasonable attorney's fee (15% if permitted by law) if placed with an attorney for collection from us." *Id.*

29.     Harold Maloney III, Rebecca Maloney, and Harold Maloney IV further agreed to "waive all setoffs and counterclaims." *Id.*

30.     The Maloney Guaranties were, and are, guaranties of payment, not collection.

## DEFAULT BY M & M

31.     In March 2018, Ford Credit discovered that M & M had defaulted under the Wholesale Agreement by selling 30 vehicles without paying the amounts due to Ford Credit from the resulting proceeds, as required by the Wholesale Agreement (a condition known as being "sold out-of-trust").

32.     Ford Credit declared M & M in default, and took steps to protect and sell the remaining Collateral.

33.     At the time, M & M had an outstanding balance under the Wholesale Agreement of $2,241,932.43, of which approximately $844,000 constituted amounts due for sales out of trust.

## FORD CREDIT'S DEMANDS AND THE AMOUNT NOW DUE

34.     By letters dated April 6, 2018 and October 15, 2019, Ford Credit notified Defendants that the Dealership was in default, and demanded payment from them of the then-current past due amount, as guarantors of all the obligations owed to Ford Credit by M & M.  Copies of Ford Credit's letters are attached as Exhibit D.

35.     Ford Credit made its demands "without prejudice to any other amounts now or hereafter owing by you" to Ford Credit.  *Id.*

36.     After the application of the proceeds received from the sale of the Collateral to the indebtedness M & M owed to Ford Credit under the Wholesale Agreements, a substantial deficiency remained.

37.     The amount owed to Ford Credit as of March 21, 2019 totaled $231,664.13.  Interest on amounts due to Ford Credit has continued to accrue since that date.

38.     In addition, Ford Credit has continued to accrue expenses, particularly legal expenses, which Ford Credit is also entitled to recover under the Maloney Guaranties.

## FIRST CLAIM
### (Breach of Guaranty)

39.     Ford Credit incorporates by reference paragraphs 1 through 38 above, as though fully set forth herein.

40.     M & M defaulted on its obligations to Ford Credit under the Wholesale Agreement as set forth above.

41.     M & M's indebtedness to Ford Credit under the Wholesale Agreement is now due and payable in full.

42.     M & M's indebtedness to Ford Credit under the Wholesale Agreement is an obligation of Defendants under the Maloney Guaranties.

43.     After sale of the Collateral, and application of the proceeds of the sale of the Collateral to reduce M & M's indebtedness, a substantial deficiency remains.

44.     That deficiency is an obligation of Defendants under the Maloney Guaranties.

45.     On April 6, 2018 and October 15, 2019, Ford Credit made written demands on Defendants to pay the balance of the indebtedness owed by Defendants, and to

thereby satisfy the deficiency, but Defendants have failed and refused to pay the amounts owed.

46.    By failing and refusing to pay the amounts demanded by Ford Credit, Defendants breached the Maloney Guaranties.

47.    Accordingly, Defendants owe Ford Credit $231,664.13 plus interest and expenses accrued, including attorney's fees incurred as a result of the defaults by M & M and Defendants, since March 21, 2019.

WHEREFORE, Ford Credit demands judgment:

(a)    Awarding Ford Credit judgment against Defendants for $231,664.13, plus interest on that from March 21, 2019 to the entry of judgment at the post-default contractual rate of 10.25%,  as well as Ford Credit's costs, expenses, and attorney's fees incurred as a result of M & M's default and/or in connection with Ford Credit's enforcement of the Maloney Guaranties; and

(b)    Granting Ford Credit such other or further relief as the Court may deem just and proper in the circumstances.

DATED:  September 25, 2020

Respectfully submitted,

FORD MOTOR CREDIT COMPANY, LLC

By Its Attorneys

MCLANE MIDDLETON,
 PROFESSIONAL ASSOCIATION


By _____
Steven J. Dutton, NH Bar No. 17101
900 Elm Street
Manchester, NH 03101
(603) 625-6464
steven.dutton@mclane.com